# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Bernard A. Hurley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 6:17-cv-00446-JMC |
| v. ) | |
| ) | |
| Kenneth Downing, ) | **ORDER** |
| Lt. Mickey Boland, ) | |
| Donna Miller, and M.D. Scott, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 58), filed on January 4, 2018, recommending that the court grant Capt. Kenneth Downing, Lt. Mickey Boland, R.N. Donna Miller, and M.D. Scott's (collectively "Defendants") Motions for Summary Judgment (ECF Nos. 30, 33).

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

The parties were advised of their right to file objections to the Report. (ECF No. 58 at 9.) Plaintiff did file a Notice of Appeal from the final judgment (ECF No. 60) on January 18, 2018, but did not file objections to the Report as advised.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199

(4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. Plaintiff has not established any facts that show that he had a serious medical condition or need, or that Defendants Miller or Scott were deliberately indifferent to his alleged serious condition or need. (*See* ECF No. 58 at 4-5.) Further, Plaintiff fails to establish any facts that show that Defendants Downing and Boland were personally responsible for depriving the Plaintiff of light in his cell. (*See* ECF No. 58 at 7.) While the Plaintiff does allege that Defendants Downing and Boland are nevertheless liable under the doctrine of *respondeat superior*, this doctrine is generally inapplicable to claims arising under Section 1983. (*Id.*) Therefore, Plaintiff has failed to state any plausible claims for relief pursuant to 42 U.S.C. § 1983.

For these reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 58), and **GRANTS** Defendants' Motions for Summary Judgment (ECF Nos. 30, 33.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 26, 2018
Columbia, South Carolina